NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | | **Hon. Dennis M. Cavanaugh** |
| : | | |
| : | | **OPINION** |
| Plaintiff, : | | |
| vs. : | | Civil Action No. 08-CV-5593 (DMC) |
| : | | |
| KENNETH BROOKMAN and SELMA BROOKMAN, | | |
| : | | |
| : | | |
| Defendants. : | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff, the United States of America, for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of all parties, it is the decision of this Court that Plaintiff's motion is **granted**.

**I.    BACKGROUND**

Plaintiff moves for summary judgment against Kenneth Brookman and Selma Brookman (the "Defendants") pursuant to 26 U.S.C. §§7701 and 7402 to reduce to judgment assessments against taxpayers for federal income taxes, penalties and interest related to the years 1997 through 2003, and 2007. The Plaintiff asserts the amount owed by Defendants has been properly assessed and the United States is therefore entitled to a judgment against Defendants for their failure to pay the tax owed. Joint Discovery Plan, ¶4. Defendants believe that the taxes, interest and penalties have not been properly assessed and will be addressed in fact discovery. Id. Additionally, Defendants believe that part of Plaintiff's claim is barred by the applicable statute of limitations. Id.

Defendants do not contest jurisdiction or venue nor do they contest the parties in this action. Complaint ¶ 2, 3, 4, 5, 6, 7.

Pursuant to the complaint, Plaintiff submitted a chart by the Commissioner of the Internal Revenue Service, documenting an assessment of taxpayers' personal income taxes, penalties and interest from 1997 through 2007.[1] Complaint ¶ 9. In their answer, Defendants denied this allegation. Answer ¶ 4. Next, Plaintiff alleged that notice and demand for payment of each of the assessments was given to the defendants in accordance with 26 U.S.C. §6303. Complaint ¶ 10. Defendants denied this allegation. Answer ¶ 4. Plaintiff also stated in its complaint that statutory additions for interest and penalties have accrued and will continue to accrue (Complaint ¶ 11), which Defendants denied. Answer ¶ 4. Lastly, Plaintiff claimed that Defendants have failed to pay the United States the full amount owed as a result of the assessment and, therefore, Defendants are indebted to the United States for federal income taxes, penalties and interest in the amount of $138, 233.78 plus

---

[1] Complaint ¶ 9; see Heffernan Decl. ¶¶ 3,5,7,9,11,15,17, and 18. Assessment by the Commissioner of the Internal Revenue Service of personal income taxes, penalties and interest against defendants is as follows:

| Period Ending | Assessment Date | Amount Owed as of November 10, 2008 |
|---|---|---|
| 1997 | 11/16/98 | $37,487.94 |
| 1998 | 1/03/00 | $44,375.74 |
| 1999 | 11/13/00 | $7,957.95 |
| 2000 | 12/10/01 | $8,858.85 |
| 2001 | 11/18/02 | $4,129.69 |
| 2002 | 12/22/03 | $4,892.92 |
| 2003 | 11/22/04 | $27,772.32 |
| 2007 | 11/03/08 | $2,758.37 |

interest, penalties and costs. Complaint ¶ 12, 13.  Again, Defendants deny these allegations.

## II.     LEGAL STANDARD

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact.  Id.  "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party."  Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences, including issues of credibility, in favor of the nonmoving party."  Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

Under local rules, the parties are required to submit a document containing a concise statement of the pertinent facts necessary to the motion.  L. Civ. R. 56.1(a).  A party moving for summary judgment is required to submit with its moving papers a statement setting out the

undisputed material facts that support that party's claim, citing all factual assertions to the record of the case–the affidavits and other documents submitted to the Court in connection with the motion. Id. A party opposing the motion is required to submit with its opposition papers a responsive statement, addressing each paragraph of the statement submitted by the movant. Id. The opponent must indicate whether it agrees or disagrees with each factual assertion by the movant and, where it disagrees, the opponent must identify the material fact it disputes and provide a citation to the affidavits and other documents in support of that position. Id.

Facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted. See Hill v. Algor, 85 F. Supp. 2d 391, 408 n.26 (D.N.J. 2000). However,

> [t]he mere fact that the non-moving party fails to file a response to summary judgment motion does not automatically entitle the moving party to summary judgment. Rather, even where the non-moving party fails to respond, the Court may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate.

See Cornelio v. Coupon Serv. Corp., 2007 U.S. Dist. LEXIS 213 (D.N.J. Jan. 4, 2007). However, the local rule is subject to relaxation where either party is a pro se litigant. "Where a pro se litigant fails to file the statement, the Court will generally draw the facts from available sources including the pleadings and discovery materials." See Jordan v. Allgroup Wheaton, 218 F. Supp. 2d 643, 646 (D.N.J. 2002), aff'd 95 Fed. Appx. 462 (3d. Cir. 2004).

**III.   DISCUSSION**

    A.   JUDGMENT ON ASSESSED TAXES

Plaintiff seeks summary judgment to recover on various tax assessments made against Defendants including, interest and penalties that have been assessed from tax years 1997 to 2003 and

2007. Defendants failed to submit any opposition to this motion for summary judgment.

In support of its motion, Plaintiff lists the dates on which the alleged assessments were made and the amount owed as of November 10, 2008 for the corresponding dates. Complaint ¶ 9. Additionally, Plaintiff has submitted a certified Form 4340, Certificate of Assessments and Payments and the declaration of Carol Heffernan, Revenue Officer, Internal Revenue Service. See Pl. Br., Exhibits 1-8. This form identifies all relevant assessments made by the Internal Revenue Service ("IRS") against Defendant and any credits made to such assessment.

"The Secretary of the Treasury's determination that a taxpayer owes particular taxes, including interest, additions to tax, and assessable penalties imposed by the Internal Revenue Code is officially recorded as a tax assessment." Cohen v. Gross, 316 F. 2d 521, 522-23 (3d. Cir. 1963). A certificate of Assessment and Payment is entitled to a presumption of correctness. United States v. Jones, 877 F. Supp. 907 (D.N.J. 1995) (quoting Freck v. Internal Revenue Services, 37 F. 3d 986, 991-92 n.8 (3d Cir. 1994) ("Assessments are generally presumed valid and establish a *prima facie* case of liability against a taxpayer."). Furthermore, "a [declaration] by an I.R.S. officer examining and detailing defendants' tax liability is entitled to a presumption of correctness." Psaty v. United States, 442 F. 2d 1154, 1159 (3d Cir. 1971), aff'd, 722 F. 2d, 733, 736 (3d. Cir. 1983). Consequently, the government has established a *prima facie* case by providing the court with this Certificate. Id. at 1159-1160.

Upon this *prima facie* showing, the burden of persuasion and production shifts to the Defendants. Id. However, on a motion for summary judgment, Defendants only has to establish a genuine issue of material fact with regard to the validity or correctness of the assessment. Long v. United States, 972 F.2d 1174, 1181 n.9 (10th Cir. 1992). "To do so, the non-moving party must go

beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." United States v. Tanchak, 2009 U.S. Dist. LEXIS 8895.  In other words, the Defendants must do more than simply show there is some theoretical doubt as to the material facts at issue.  The Defendants in the present action failed to meet this burden.  Defendants issued a blanket denial of Plaintiff's claims (see Complaint ¶¶ 9-13), but failed to elaborate on their conclusory statement.  Defendants had the opportunity to submit a response after receiving Plaintiff's notice of motion for summary judgment, but failed to do so.  Since Defendants' failed to overcome the presumption of correctness afforded to the Certificate and Assessment submitted by Plaintiff, the facts, as submitted by Plaintiff, shall be considered accurate.  Therefore, there exists no genuine issue of material fact.

B. STATUTE OF LIMITATIONS

By way of answer to the initial complaint, Defendants also assert that Plaintiff's claims are barred by the applicable statute of limitations.  The IRS can neither collect nor levy any tax ten years after the date of assessment of tax or levy.  Specifically:

> [w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun within 10 years after the assessment of the tax.

26 U.S.C. §6502(a)(1).  The first assessment conducted by the Commissioner of the IRS, which is clearly identified by the Certificate of Assessments and Payments took place on November 16, 1998.  As a result, Plaintiff had until November 15, 2008 to file a complaint, and in fact, Plaintiff did file a complaint two days before this deadline on November 13, 2008.  See Complaint.  Therefore, Plaintiff's claims were brought within the 10-year statute of limitation.  Thus the Defendants'

argument that Plaintiff's claims are barred by the statute of limitations have no merit.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **granted**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:          March  29 , 2010
Original:       Clerk
cc:             All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File